IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-10739

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

JIMMY LEE DIXON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

November 15, 2001

Before BARKSDALE and STEWART, Circuit Judges, and DUPLANTIER,* District Judge.

DUPLANTIER, District Judge:

Jimmy Lee Dixon challenges his convictions and sentences on four counts: kidnapping, robbery, attempted robbery, and using a short-barreled shotgun during and in relation to a crime of violence. Additionally, he challenges his sentence on a fifth count, assault with a dangerous weapon. For the following reasons, we AFFIRM IN PART, VACATE IN PART, AND REMAND FOR RESENTENCING.

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

## BACKGROUND

A grand jury indicted Dixon on five counts: (1) robbing Janet Shahan by force, violence, and intimidation (18 U.S.C. §§ 7(3) and 2111); (2) attempting to rob David Dyer by force, violence, and intimidation (18 U.S.C. §§7(3) and 2111); (3) assaulting Dyer with a short-barreled shotgun (18 U.S.C. §§ 7(3) and 113(a)); (4) using and carrying a gun in relation to a kidnapping (18 U.S.C. §§ 7(3) and 924(c)(1)); and (5) kidnapping Shahan for the purpose of committing aggravated sexual abuse (18 U.S.C. §1201(2)). All of the criminal acts alleged in the indictment occurred at a Veterans Affairs Medical Center, a facility within the territorial jurisdiction of the United States (18 U.S.C. §7(3)). After his first trial, a jury convicted defendant on all counts; the judge sentenced defendant to concurrent terms of 262 months imprisonment on Counts 1, 2, 3, and 5 and to a 120 month term of imprisonment on Count 4, the gun count, to run consecutive to the other sentences. The judge also imposed a five-year term of supervised release on the gun count and a three-year term of supervised release on the other counts.

Dixon appealed his convictions and sentences. Concluding that the district judge erred in refusing to instruct the jury on the defense of insanity, this court reversed Dixon's convictions and remanded for a new trial. *United States v. Dixon*, 185 F.3d 393 (5th Cir. 1999).

Following the second trial, a jury again convicted Dixon on all counts. The district judge imposed the same sentences.

The facts are reported in considerable detail in our previous panel opinion. *See United States v. Dixon*, 185 F.3d at 395-97. Although that statement of the facts is based on the evidence introduced at defendant's first trial, the evidence presented at the second trial did not materially differ from that introduced at the first trial.

2

## CONSTRUCTIVE AMENDMENT OF THE INDICTMENT

Defendant contends that his conviction for kidnapping (18 U.S.C. §1201(a)(2)) must be reversed because in instructing the jury the district judge constructively amended the indictment by tracking the broad, general language of the kidnapping statute rather than the specific language of the indictment. Title 18 U.S.C. §1201(a)(2) makes it a crime for anyone to unlawfully seize, kidnap, abduct, or carry away and "hold[] for ransom or reward or otherwise any person, . . . when any such act against the person is done within the special maritime and territorial jurisdiction of the United States." The phrase "or otherwise" has been interpreted "to encompass any benefit a captor might attempt to receive." *United States v. Webster*, 162 F.3d 308, 328 (5th Cir. 1998) (citing *United States v. Gooch*, 297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed.2d 522 (1936)). The indictment charged Dixon as follows:

> On or about February 9, 1997, . . . JIMMY LEE DIXON, defendant, at a place within the special maritime and territorial jurisdiction of the United States, namely the Veterans Affairs Medical Center, 4500 S. Lancaster Road, Dallas, Texas, on land acquired for the use of the United States and under its concurrent jurisdiction, <u>for the purpose of committing the offense of aggravated sexual abuse</u>, to wit: by placing Janet Lynn Shahan in fear of death and serious bodily injury and thereby forcing her to engage in a sexual act, did willfully, knowingly, and unlawfully seize, kidnap, abduct, carry away, and hold Janet Lynn Shahan. (emphasis added).

The judge instructed the jury, in pertinent part, that it must find "[t]hat the Defendant held [Janet Shahan] for some benefit that the Defendant intended to derive from the kidnapping; . . .." The judge further instructed the jury that:

> The term "some benefit" includes motives of personal monetary gain as well as motives which do not involve financial gain, since a benefit is any legal or illegal object of the kidnapping which a perpetrator might consider of sufficient motive to induce him to undertake it. The term

3

"some benefit" can include sexual gratification.

"The Fifth Amendment guarantees that a criminal defendant will be tried only on charges alleged in a grand jury indictment." *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991). Thus, "only the grand jury may amend an indictment once it has been issued." *United States v. Daniels*, 252 F.3d 411, 413 (5th Cir. 2001). A jury instruction constructively amends an indictment "if it permits the jury 'to convict the defendant upon a factual basis that effectively modifies an essential element of the crime charged.'" *Id.* at 413-14 (quoting *United States v. Chandler*, 858 F.2d 254, 257 (5th Cir. 1988)). An indictment is constructively amended in violation of the Fifth Amendment if the jury is permitted to convict the defendant on "an alternative basis permitted by the statute but not charged in the indictment." *United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1988) (internal citation and quotation omitted).

### Standard of Review

Defendant does not contend that he objected to the challenged instruction at the second trial. Rather, he relies upon the fact that during the first trial defense counsel objected to the kidnapping instruction proposed by the judge and that prior to the second trial defendant's counsel filed an "Adoption of Previously Filed Trial Requests," " including, by [sic] not limited to: . . . Defendant's Requested Jury Instructions." The "Adoption of Previously Filed Trial Requests" cannot be construed as an objection to the challenged jury instruction. In connection with his first trial, defendant did not submit a requested jury instruction for the kidnapping count. Nor did the "Adoption of Previously Filed Trial Requests" filed prior to the second trial encompass the objections made by defendant's counsel during the first trial. Moreover, even if we construed the "Adoption of Previously Filed Trial Requests" to include counsel's objection during the first trial to the kidnapping jury instruction, we note that at

4

the second trial the judge never granted counsel's motion to adopt all of the "previously filed trial requests." Because defendant did not object during his second trial to the kidnapping instruction, we review that instruction only for plain error.[1]

Plain Error Analysis

In *United States v. Olano*, 507 U.S. 725, 731-34, 113 S.Ct. 1770, 1776-78, 123 L.Ed.2d 508 (1993), the Supreme Court held that where a party has forfeited an objection, by failing to urge it at trial, a court of appeals has discretion to correct the error, but only where the trial court's error is plain, i.e., clear or obvious, and affects the party's substantial rights. "The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736, 113 S.Ct. at 1779 (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).

---

[1] In *United States v. Daniels*, 252 F.3d at 414 n.8 (5th Cir. 2001), this court discussed in detail the standard of review applicable when a defendant fails to object to a jury instruction he later challenges as a constructive amendment of the indictment.

> It is now clear that this circuit applies plain error review to forfeited constructive amendment arguments. Although *United States v. Mize,* 756 F.2d 353, 355-57 (5th Cir. 1985), held that constructive amendment required automatic reversal, later cases in this circuit have clarified the interaction between the automatic reversal rule and plain error review. In *United States v. Reyes*, 102 F.3d 1361, 1364-66 (5th Cir. 1996), we held that under *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), we have discretion to correct a constructive amendment if the defendant failed to object at trial. Further, in *United States v. Fletcher*, 121 F.3d 187, 192-93 (5th Cir. 1997), we expressly recognized the tension between plain error review and the "automatic reversal" rule of *Mize*, and reconciled it in favor of plain error review, following the Supreme Court's guidance in *Olano*.

*Id.*

Assuming without deciding that the first two prerequisites for granting relief for plain error are satisfied, it is clear that the third is not: the jury instruction did not affect any substantial rights of the defendant. There is overwhelming evidence that the "benefit" defendant derived from the kidnapping was aggravated sexual abuse, as specifically charged in the indictment. Janet Shahan testified that the defendant raped her twice and that she was in fear of serious bodily injury or death if she failed to comply with his demand. Additionally, Dr. Robert Coleman testified that vaginal swabs obtained from Ms. Shahan during a pelvic examination conducted within a few hours of her release by defendant revealed the presence of live, motile sperm, indicating sexual activity within four to six hours prior to the examination. Considering the totality of the evidence there can be no doubt that the jury concluded that the defendant placed his victim "in fear of death and serious bodily injury," thereby forcing her to engage in "a sexual act," as charged in the indictment. Thus, the general "some benefit" charge could not have affected defendant's substantial right to a fair trial.

## JURY INSTRUCTION ON 18 U.S.C. §924(c)(1)

Defendant urges that under the statute applicable at the time he committed the offense, the government was required to prove that he knew that the weapon he used during the kidnapping was a short-barreled shotgun and that the jury should have been so instructed. Defendant relies upon *United States v. Castillo*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), holding that under 18 U.S.C. §924(c)(1)(1988 ed.) the type of weapon is an element of the offense, not a sentencing factor[2] and *United States v. Wilson*. 884 F.2d 174, 179 (5th Cir. 1989) (requisite mental state for a

---

[2]     After the defendant committed the crimes involved herein, but prior to his second trial, Congress amended 18 U.S.C. §924(c)(1) to make use of a short-barreled shotgun a sentencing factor rather than an element of the offense. *United States v. Barton*, 257 F.3d 433, 443 (5th Cir. 2001), *petition for cert. filed,* (U.S. Oct. 5, 2001)(No. 01-6817).

violation of 18 U.S.C. §924(c) is knowledge of the facts constituting the offense).

Where, as here, defendant failed to object to the jury instruction, we review only for plain error as defined above. *United States v. Daniels,* 252 F.3d at 414. Assuming without deciding that *Castillo* makes the defendant's knowledge of the short-barreled characteristic of the shotgun an element of the offense under §924(c)(1), we hold that the judge did not err in instructing the jury concerning the *mens rea* required for the offense.

In pertinent part, the judge instructed the jury that in order to find the defendant guilty of violating 18 U.S.C. §924(c)(1), it must be convinced that the government proved "[t]hat the Defendant knowingly used or carried a firearm, namely a short-barreled shotgun, during and in relation to the Defendant's alleged commission of the crime charged in Count Five." He further instructed the jury that "[t]he term 'short-barreled shotgun' means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches."

Interpreting that instruction logically from the jurors' perspective, it is clear that "knowingly" modifies the entire phrase "used or carried a firearm, namely a short-barreled shotgun" as opposed to modifying only "used or carried." It may have been preferable if the judge had instructed the jury that the government must prove beyond a reasonable doubt that the defendant knew that the weapon was a short-barreled shotgun. However, the instruction, as given, is adequate.

Alternatively, even if the instruction constitutes error that is plain, defendant is not entitled to relief because it is clear that the instruction did not affect his substantial rights, i.e., did not affect the outcome of the proceedings, *United States v. Burton*, 126 F.3d 666, 674 (5th Cir. 1997), and did not "result in the likelihood of a grave miscarriage of justice." *United States v. Davis*, 19 F.3d 166, 169

7

(5th Cir. 1994).

The jury instruction defined a "short-barreled shotgun," and the jury's verdict that the defendant violated 18 U.S.C. §924(c)(1) established that it concluded that defendant used a short-barreled shotgun during and in relation to the kidnapping. Under the facts of this case there can be no doubt that defendant knew that he possessed the weapon in question and that he knew the characteristic of that weapon. This conclusion is supported by Janet Shahan's testimony that she saw a "normal" length shotgun in defendant's room where she was held hostage. The presence of a "normal" length shotgun underscores the short-barreled nature of the shotgun used by defendant during the kidnapping. The jury's finding that the defendant used a short-barreled shotgun encompasses a finding that the defendant knew the characteristic of the weapon that qualified it as a short-barreled shotgun.

## MULTIPLICITOUS CONVICTIONS AND SENTENCES

The grand jury indicted defendant in separate counts of the indictment for the robbery of Janet Shahan and the attempted robbery of David Dyer. The jury convicted defendant on each of those counts.

Defendant contends that the robbery of Janet Shahan and the attempted robbery of David Dyer constituted a single robbery of two persons, not two separate crimes, and therefore the convictions and sentences are multiplicitous and violate the Fifth Amendment's prohibition against double jeopardy. Defendant urges these claims for the first time on appeal.

"'Multiplicity' is charging a single offense in more than one count of the indictment. . . . 'The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense.'" *United States v. Galvan*, 949 F.2d 777, 781 (5th Cir. 1991) (quoting *United States v. Lemon*, 941 F.2d 309, 317 (5th Cir. 1991)) (internal citation and quotation

8

omitted).

We note that the concurrent sentence doctrine does not apply in this case.[3] The doctrine cannot be applied "where not all the sentences are concurrent, including where the defendant's liability for a special assessment depends on the validity of each of the convictions." *United States v. Soape*, 169 F.3d 257, 266 n.4 (5th Cir. 1999). The judge imposed concurrent 262 month terms of imprisonment and three-year terms of supervised release on the robbery and attempted robbery counts. Additionally, he imposed a $100 special assessment for each of those counts. Because the validity of those special assessments turns on the validity of both of those convictions, the concurrent sentence doctrine is inapplicable. *Id*.

A claim that convictions are multiplicitous cannot be raised for the first time on appeal; such a claim must be raised by motion before trial. *Id.* at 265 (citing Fed. R. Crim. P. 12(b)(2)). Defendant did not urge in a pretrial motion that the indictment was multiplicitous. Therefore, he has waived that contention. *Id.*

Unlike a claim of multiplicity of convictions, "[a] complaint about the multiplicity of sentences . . . can be raised for the first time on appeal." *United States v. Galvan*, 949 F.2d at 781 (quoting *United States v. Munoz-Romo*, 947 F.2d 170, 174 (5th Cir. 1991) (internal citation and quotation omitted). We review defendant's contention of multiplicitous sentences, which involves an issue of double jeopardy, for plain error. *United States v. Lankford*, 196 F.3d 563, 577 (5th Cir. 1999).

Defendant contends that 18 U.S.C. §2111 does not specify the intended "unit of prosecution"; there is no clear indication in the statute that the intention is to punish a defendant separately for each

---

[3] The concurrent sentence doctrine provides that "the existence of one valid sentence makes unnecessary the review of other sentences that run concurrently with it." *United States v. Soape*, 169 F.3d 257, 266 n.4 (5th Cir. 1999).

victim of a multi-victim robbery incident. Relying on *Bell v. United States*, 349 U.S. 81, 83-84, 75 S.Ct. 620, 621-622, 99 L.Ed.2d 905 (1955), defendant contends that the statute is ambiguous, and therefore we must apply the rule of lenity and vacate one of the sentences on the theory that defendant committed only one robbery, albeit of two victims. The proper "unit of prosecution" under §2111 is apparently an issue of first impression. Our analysis necessarily begins with the statute itself.

Title 18 U.S.C. §2111 provides: "[w]hoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years." Under the facts of this case the statute is not ambiguous as to the unit of prosecution. The statute prohibits the taking or attempting to take from the person or presence of another anything of value. There was a taking of something of value or an attempted taking of something of value from two different persons. Defendant took money and a diamond ring from Janet Shahan and attempted to take money from Mr. Dyer. Because the defendant took or attempted to take something of value from two different people, under the plain language of the statute defendant committed two violations of the statute. Each sentence imposed for violating §2111 punishes defendant for a different "tak[ing] from the person." The sentences are not multiplicitous and do not violate the constitutional prohibition against double jeopardy.

### DOUBLE COUNTING

Defendant challenges the calculation of his offense level as to Count 1 (robbery) and Count 2 (attempted robbery). In determining the offense levels for each of those convictions, the district judge added seven levels because defendant discharged the shotgun he was carrying during the robbery and

10

attempted robbery. Defendant urges that the district judge impermissibly "double counted" his discharge of the shotgun by applying the seven-level enhancement of United States Sentencing Guidelines (U.S.S.G.) § 2B3.1(b)(2)(A)[4] when he also received a sentence under 18 U.S.C. § 924(c) for using a shotgun during and in relation to the kidnapping.

## Standard of Review

Because we conclude that the district judge did not err in applying the seven-level weapon enhancement, we need not determine the applicable standard of review, as to which the parties disagree.

## Legal Analysis

The district judge did not include a weapon enhancement in calculating the offense level for defendant's kidnapping conviction, the underlying offense for the §924(c) conviction, the gun count. However, in determining the offense levels for the robbery and attempted robbery convictions, the district judge assessed the seven-level weapon enhancement for each of those convictions because defendant discharged the shotgun. Defendant contends that the Commentary to U.S.S.G. §2K2.4, which applies to the gun counts, as clarified by Amendment 599 to the Sentencing Guidelines, precludes the assessment of those weapon enhancements.

When the district judge sentenced defendant, Application Note 2 of the Commentary to §2K2.4 provided that "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (*e.g.*, §2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense."

---

[4] U.S.S.G. §2B3.1 applies to robbery and provides in pertinent part that "[i]f a firearm was discharged, increase [the offense level] by 7 levels."

11

Subsequent to defendant's second sentencing, Amendment No. 599 to the Sentencing Guidelines amending Application Note 2 of the Commentary to U.S.S.G. §2K2.4,[5] became effective.

Application Note 2 now states in pertinent part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapons enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). . . . However, if a defendant is convicted of two armed robberies, but is convicted under 18 U.S.C. §924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. §924(c) conviction.

Clearly, the only potential "double counting" prohibited by either the original or the amended Commentary is enhancement of the offense level for the offense which underlies the gun count. As already noted, the judge did not include a weapon enhancement in calculating the offense level for the underlying offense of kidnapping. The enhancements were applied only to the robbery counts. Indeed, the final sentence of the amended Commentary specifies that a weapon enhancement does apply in the instant case; Dixon was convicted of several violent crimes but was convicted under 18 U.S.C. §924 (c) in connection with only one of them. Thus, no "double counting" occurred when the district judge applied the weapon enhancements in calculating defendant's offense levels for the robbery and attempted robbery convictions.

### SENTENCES IN EXCESS OF STATUTORY MAXIMUM

The district judge sentenced defendant to concurrent 262 month terms of imprisonment on each

---

[5] U.S.S.G. §2K2.4 applies to, among other offenses, convictions under 18 U.S.C. §924(c) for use of a firearm during and in relation to a crime of violence.

of Counts 1, 2, and 3.  The government agrees with the defendant's contention that these sentences exceed the maximum provided by 18 U.S.C. §2111 (Counts 1 and 2) and 18 U.S.C. §113(a)(3) (Count 3).  Accordingly, we vacate the sentences imposed on those counts and remand for resentencing.

## CONCLUSION

For the foregoing reasons, we affirm defendant's convictions on  Counts 1, 2, 3, 4, and 5 and affirm his sentences on Counts 4 and 5, but vacate his sentences as to Counts 1, 2, and 3 and remand for resentencing on those counts.