**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-40108
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ELIDA CASTILLO DE SALAZAR,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(L-00-CR-939-ALL)**

_____

March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Elida Castillo De Salazar contends: her convictions for illegally transporting aliens should be reversed because the Government failed to prove she knowingly transported illegal aliens in furtherance of their illegal entry into the United States; and the jury instructions, to which she did not object, constructively amended the indictment to charge her with transporting illegal aliens to assist them in remaining in the United States.

Although the wording of the indictment did not precisely track the language of the statute, it clearly charged Salazar had

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transported the aliens within the United States after they had illegally entered this country. Contrary to Salazar's assertion, the indictment could be read to charge her with transporting the aliens after they had entered the country in furtherance of their intent to illegally remain in this country. There was no constructive amendment of the indictment. *See **United States v. Dixon***, 273 F.3d 636, 639 (5th Cir. 2001).

Salazar testified at trial and, *inter alia*, claimed duress. Viewing all the evidence in the light most favorable to the verdict, it supported the charge made in the indictment: the aliens had illegally entered this country; Salazar knew the men were illegally present; and she knowingly transported them within the United States in furtherance of their continued illegal presence. There was sufficient evidence for a reasonable trier of fact to find, beyond a reasonable doubt, that Salazar violated the provisions of 8 U.S.C. § 1324(a)(1)(ii). *See **United States v. Romero-Cruz***, 201 F.3d 374, 378 (5th Cir.), *cert. denied*, 529 U.S. 1135 (2000).

*AFFIRMED*