IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20872
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GEORGE W. ROBINSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CR-121-4
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

George W. Robinson, a federal prisoner (# 08656-035), appeals the district court's denial of his "Motion for Arrest o[f] Judgment and [to] Dismiss the Indictment," purportedly pursuant to FED. RULES. CRIM. P. 12(b)(2) and 34.  He argues that the indictment was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it failed to charge a specific quantity of drugs.

A Rule 12(b)(2) motion to dismiss an indictment must be made before trial.  United States v. Dixon, 273 F.3d 636, 642 (5th

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2001).  A Rule 34 motion for arrest of judgment must be filed within seven days of the entry of a guilty plea.  See United States v. Fagan, 821 F.2d 1002, 1012 (5th Cir. 1987).  Insofar as Robinson's motion may be construed as a 28 U.S.C. § 2255 motion to vacate his sentence, the motion would be successive and would require Robinson to first obtain certification from this court.  See United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998); 28 U.S.C. §§ 2255, 2244(b).  Robinson has not sought such certification.

Because the district court was without jurisdiction to entertain Robinson's "Motion for Arrest o[f] Judgment," Robinson has appealed from the denial of a "meaningless, unauthorized motion."  See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).  Because the motion should have been dismissed for lack of jurisdiction, the district court's denial of Robinson's motion is affirmed on this alternative basis.  See id.

AFFIRMED.