IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20613
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRENCE C. GREER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-630-1
--------------------
July 17, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Terrence C. Greer appeals his convictions and sentences for possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). Greer argues that the district court erred in denying his motion to suppress evidence seized because the search that yielded that evidence was not sufficiently attenuated from a prior unconstitutional search.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a motion to suppress based on live testimony at a suppression hearing accepting the trial court's factual findings "unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). Questions of law are reviewed de novo. See United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998).

Where evidence is obtained pursuant to a consent to search which follows a Fourth Amendment violation, the court considers whether the consent was voluntarily given and whether it was sufficiently independent of the violation that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the constitutional violation. United States v. Vega, 221 F.3d 789, 801 (5th Cir. 2000), cert. denied, 531 U.S. 1155 (2001). A determination of whether the causal chain was broken involves a consideration of three factors: "(1) the temporal proximity of the illegal conduct and the consent; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the initial misconduct." Id. at 801-02.

The district court did not err in finding that Greer's wife voluntarily consented to the search and that that search was sufficiently attenuated from the prior search due to the intervening change in atmosphere. See United States v. Richard, 994 F.2d 244, 252 (5th Cir. 1993). We therefore need not reach

the Government's argument, raised in its responsive brief, that the initial search was not unconstitutional.

With regard to Greer's argument that the officers' keeping of his house key constituted a "separate constitutional violation," Greer failed to raise this issue before trial, and we find no plain error. See United States v. Maldonado, 42 F.3d 906, 912 (5th Cir. 1995).

Nor did the district court clearly err in finding that Greer's wife had authority to consent to the search since the house was her residence and the place where she kept her possessions and she paid the rent. See United States v. Asibor, 109 F.3d 1023, 1038 (5th Cir. 1997). The district court did not err in denying Greer's motion to suppress.

Greer also argues that U.S.S.G. § 3E1.1 does not preclude an acceptance-of-responsibility reduction where the defendant, as Greer did, proceeds to trial on stipulated facts to preserve his motion to suppress for appellate review. We will not disturb a district court's refusal to reduce a defendant's offense level for acceptance of responsibility unless it is without foundation. See Maldonado, 42 F.3d at 913. Here, the dispositive evidence, i.e., that Greer possessed guns and ammunition, was the evidence that Greer sought to suppress. See id. The district court's refusal to apply U.S.S.G. § 3E1.1 was not "without foundation."

Although he concedes that this court has rejected his argument, Greer argues that his convictions under 18 U.S.C.

§ 922(g)(1) must be reversed because to convict a defendant who possesses a gun whose only nexus with interstate commerce was that at some point in the past the gun traveled in interstate commerce is unconstitutional. This court has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)(1) convictions, concluding that the interstate commerce element is satisfied by the possession of a firearm that was manufactured in a different state or country. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002). Thus, Greer's argument fails. Likewise, Greer's alternative argument that the indictment was insufficient because it did not allege a "substantial effect" on interstate commerce also fails. See United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997).

Greer argues that the indictment charging him in separate counts of possession of firearms and ammunition is multiplicitous and that his separate convictions and sentences are in violation of the Double Jeopardy clause. Greer waived his objection to the multiplicity of the charges in the indictment by not raising it in the district court. See United States v. Dixon, 273 F.3d 636, 642 (5th Cir. 2001); see also FED. R. CRIM. P. 12(b)(2)). However, Greer did not waive his complaint about the multiplicity of the sentences. Id. This court reviews his contention for plain error. Dixon, 273 F.3d at 642.

Congress did not intend the simultaneous possession of ammunition to stand as a distinct unit of prosecution from the

possession of a firearm.  See United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992).  The Double Jeopardy Clause is implicated because Greer's sentences are not truly concurrent, as he was assessed a special assessment on each conviction.  See United States v. Kimbrough, 69 F.3d 723, 729 (5th Cir. 1995). Therefore, the sentences are vacated and the matter remanded to the district court with instructions that the conviction of Greer on one of the counts, at the election of the Government, is to be reversed and that count is to be dismissed.  The district court is further instructed to resentence Greer on the remaining conviction.  The conviction on the remaining count is deemed affirmed.  See Ball v. United States, 470 U.S. 856, 864-65 (1985); United States v. Munoz-Romo, 989 F.2d 757, 759-60 (5th Cir. 1993); United States v. Osunegbu, 822 F.2d 472, 481 and n.26 (5th Cir. 1987).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.