United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-41642
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSA MARIA NUNEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-366-1
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rosa Maria Nunez was convicted of conspiracy to introduce an adulterated device into interstate or foreign commerce with the intent to commit fraud, two counts of introduction of an adulterated device into interstate or foreign commerce with the intent to commit fraud, and two counts of fraud by wire. See 21 U.S.C. §§ 331(a), 333(a)(2), 18 U.S.C. §§ 2, 371, 1343.

Nunez first argues that the evidence was insufficient to establish that these substances were "devices." Based on the uncontroverted testimony of the Government's expert that these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substances were "devices" if injected to change the shape or structure of the body and the testimony of Nunez' patients that they received the injections to alter the appearance and structure of their body parts, we conclude that the evidence was sufficient to support her convictions.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998)(stating that standard of review is whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt).

Nunez next argues that direct contact with the Food and Drug Administration ("FDA") is necessary to prove the intent to defraud necessary to support convictions for conspiracy and for introduction of an adulterated device with the intent to defraud. Even in the absence of any direct contact by Nunez with the FDA, our review of the record persuades us that Nunez's actions were "more than . . . incidental infringement of governmental regulations," and that her actions established the intent to defraud necessary to support her conspiracy conviction.  See United States v. Haga, 821 F.2d 1036, 1041 (5th Cir. 1987). Introduction of an adulterated device with the intent to defraud can be established through deliberate avoidance of contact with the FDA.  See United States v. Arlen, 947 F.2d 139 (5th Cir. 1991).  Because there is evidence in the record that Nunez avoided contact with the FDA, we conclude that the evidence was sufficient to support Nunez's convictions on these counts.

Nunez argues that there was insufficient evidence to show that the use of cellular telephones constitutes use of wire communications under the wire fraud act. Because this contention was not raised below, our review is limited to determining "whether there was a manifest miscarriage of justice." United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995)(citation omitted). Nunez has not shown a "manifest miscarriage of justice" on this issue. See 18 U.S.C. § 1343.

Nunez argues that two counts of the indictment were "alternate counts," differing only in the alleged victims; she argues her conviction and sentence on both counts violate Double Jeopardy. Because Nunez did not raise this issue below, we will consider this claim only as it relates to the sentences imposed. See United States v. Dixon, 273 F.3d 636, 641-42 (5th Cir. 2001), cert. denied, 537 U.S. 829 (2002). We conclude that no Double Jeopardy violation occurred. See id. (affirming separate sentences although the two victims were robbed during a single incident).

Nunez asserts that the district court erred in imposing a special condition of supervised release that suspends supervised release if she is deported and reinstates it when she returns to the United States. Nunez misconstrues this provision; only active supervision is suspended upon her deportation and the actual term of supervised release will continue to run. See United States v. Brown, 54 F.3d 234, 237-39 (5th Cir. 1995).

Although Nunez's brief discusses several other issues, counsel concedes each of these issues is frivolous or meritless. Therefore, we do not address them.

AFFIRMED.