United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41717
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME CASTRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2524
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Castro appeals his convictions and sentences for the simultaneous possession of a firearm and of ammunition. He argues that the convictions are multiplicitous and violate double jeopardy. The Government asserts that Castro waived this argument by failing to file a pretrial motion challenging the indictment. The Government also argues that Castro's argument is without merit because his sentences are concurrent and because it can be inferred that Castro obtained the firearm and ammunition on different occasions.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Generally, a defendant must file a pretrial motion challenging duplicitous charges to preserve the issue for appeal.  United States v. Dixon, 273 F.3d 636, 642 (5th Cir. 2001); FED. R. CRIM. P. 12(b)(2).  However, a complaint challenging multiplicitous sentences may be raised for the first time on appeal.  Dixon, 273 F.3d at 642.  Simultaneous convictions and sentences for the same criminal act involving possession of a firearm and possession of ammunition violate double jeopardy.  United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992).  The fact that the district court ordered Castro's sentences to run concurrently does not change this result.  See id. at 920; United States v. Kimbrough, 69 F.3d 723, 729 (5th Cir. 1995).  Further, there is nothing in the record to prove that Castro obtained the firearm and ammunition on different occasions.

Castro also argues that the district court erred in failing to impose his federal sentence to run concurrently with his not yet imposed state sentence and in failing to give him credit for time served in state custody.  It is unnecessary to address these issues.

Accordingly, we VACATE Castro's sentences and REMAND the matter for dismissal of the duplicitous conviction and for resentencing.