United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 06-41461

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**POK SEONG KWONG, also known as Freddy Kwong,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(4:05-CR-1-1)**

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Pok Seong Kwong challenges his conviction and sentence for aiding and abetting the sabotage of his former employer's computer system, and conspiring to do the same, in violation of 18 U.S.C. §§ 2, 371, 1030(a)(5)(A). **AFFIRMED.**

I.

In 2001, Kwong was employed as the director of information technology (IT) for American Flood Research, Inc. (AFR), a provider of electronic flood-zone certifications. Kwong supervised two

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other IT employees: Wei Chen, a program analyst; and An Yuan, a systems administrator.

On 15 November 2001, Kwong, Chen, and Yuan submitted a letter to AFR charging, *inter alia*, race discrimination and demanding compensation. The next day, AFR discovered numerous computer-system problems. Investigation revealed the problems were caused by harmful programs installed on AFR's computer system.

On 13 October 2005, Kwong was charged with, *inter alia*, aiding and abetting Chen to "knowingly cause[] the transmission of a program ... [to] intentionally cause[] damage ... to a protected computer", in violation of 18 U.S.C. §§ 2, 1030(a)(5)(A). A jury found Kwong guilty on that, and a related conspiracy, count. He was sentenced, *inter alia*, to concurrent 51-month terms of imprisonment and $707,823 in restitution.

## II.

### A.

Kwong claims the evidence was insufficient to support the verdict, contending, *inter alia*, the 26 October 2001 amendments to 18 U.S.C. § 1030 should *not* apply because the indictment, consistent with the pre-amendment statute, charged him with "caus[ing] loss ... to one or more *individual*[]", 18 U.S.C. § 1030(e)(8) (amended 26 October 2001) (emphasis added), rather than, pursuant to the amended statute, with "caus[ing] ... loss to 1 or more *person*[]", 18 U.S.C. § 1030(a)(5)(B)(i) (emphasis added).

2

Kwong's properly-preserved sufficiency challenge is reviewed in the light most favorable to the verdict, inquiring only whether a rational juror could find the offense elements established beyond a reasonable doubt. *E.g.*, **United States v. Cuellar**, 478 F.3d 282, 287 (5th Cir. 2007) (en banc). Of course, a district court's application of a statute is reviewed *de novo*. *See* **United States v. Phillips**, 219 F.3d 404, 409 (5th Cir. 2000).

For both the substantive and conspiracy counts, the indictment charged, and the jury was required to find, conduct occurring after the statutory-amendment date. Accordingly, Kwong's contention, based on a single word from the indictment, is unavailing. *See* **United States v. Harms**, 442 F.3d 367, 372 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2875 (2007); **United States v. Garcia-Abrego**, 141 F.3d 142, 167 (5th Cir. 1998).

Along that line, Kwong concedes: AFR is a "corporation"; and the Government established loss to AFR of at least $5,000. Moreover, the evidence established, *inter alia*: Kwong and Chen were alone at AFR when harmful programs were loaded onto AFR's system from Chen's computer; and several harmful programs were written in programming language in which only Kwong was proficient. Kwong's sufficiency challenge fails. *See* 18 U.S.C. §§ 1030(a)(5)(A)(i), (a)(5)(B)(i), (e)(12); **Int'l Airport Centers, LLC v. Citrin**, 440 F.3d 418, 419-20 (7th Cir. 2006); **United States v. Freeman**, 434 F.3d 369, 376 (5th Cir. 2005).

B.

Relatedly, Kwong maintains the indictment was constructively amended by the jury instructions' requiring the Government to prove loss to one or more "persons". "A[] ... constructive amendment of the indictment, constituting reversible error, occurs when it permits ... convict[ion] upon a factual basis that effectively modifies an essential element of the offense charged or ... on a materially different theory or set of facts than that ... charged." *United States v. Reasor*, 418 F.3d 466, 475 (5th Cir. 2005).

As discussed *supra*, the October 2001 amendments to § 1030 apply. Particularly in the light of the indictment's numerous references to AFR in the conspiracy count, there was no reversible error. *See **id.**; **United States v. Nuñez***, 180 F.3d 227, 231 (5th Cir. 1999).

C.

Kwong also contends the conspiracy-count jury instructions, by repeating the substantive-offense elements, rendered the counts multiplicitous. Although multiplicity issues are reviewed *de novo*, *see **United States v. Soape***, 169 F.3d 257, 265 (5th Cir. 1999), Kwong's failure at trial to object to the instructions on this basis mandates only plain-error review. *See* FED. R. CRIM. P. 30(d); ***United States v. Dixon***, 273 F.3d 636, 641-42 (5th Cir. 2001).

Because the conspiracy-count instructions articulated properly the required elements of a conspiracy, *see **Freeman***, 434 F.3d at

376, Kwong fails to show plain error.  *See **United States v. Reedy***, 304 F.3d 358, 368-69 (5th Cir. 2002); ***United States v. Duvall***, 846 F.2d 966, 976 (5th Cir. 1988).

D.

For his final contention, Kwong challenges the district court's loss calculation for the purposes of both his 14-level amount-of-loss enhancement, pursuant to Sentencing Guidelines § 2B1.1(b)(1)(H), and restitution.  A district court's interpretation and application of the Guidelines is reviewed *de novo*; its loss calculation, a factual finding, only for clear error.  *E.g.*, ***United States v. Jones***, 475 F.3d 701, 705 (5th Cir. 2007).  A restitution award is reviewed for abuse of discretion.  *E.g.*, ***United States v. Onyiego***, 286 F.3d 249, 256 (5th Cir. 2002).

The loss calculation was based on testimony from an AFR vice president establishing, *inter alia*, the retail value of AFR's lost electronic-certification orders approximated the lost net profit on such orders.  The loss calculation was *not* clearly erroneous.  *See **Jones***, 475 F.3d at 705.  Concomitantly, the imposed restitution was not an abuse of discretion.

III.

For the foregoing reasons, the judgment is

***AFFIRMED***.