IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10966
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HILARIO GONZALEZ-BALDERAS, SR, also known as Hilario Perez, also
known as Mr Perez

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-34-6

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hilario Gonzalez-Balderas, Sr., (Gonzalez), federal prisoner # 55110-079,
appeals the district court's denial of his 18 U.S.C. § 3582(c) motion to reduce his
sentence based on retroactive application of Amendments 591 and 599 to the
Sentencing Guidelines. He also argues that Amendment 505 should be applied
in his case. However, Gonzalez did not raise this issue in the district court, and
it will not be considered on appeal. See United States v. Smith, 915 F.2d 959,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

964 (5th Cir. 1990). Moreover, this court has previously addressed this argument in United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997).

Gonzalez contends that Amendment 599 should be applied in his case. He argues that the firearm enhancement he received resulted in double counting under the provisions of Amendment 599. Because Gonzalez was convicted of offenses arising under 21 U.S.C. § 848 and 18 U.S.C. § 371, Amendment 599 is inapplicable to his case. See United States v. Dixon, 273 F.3d 636, 643-44 (5th Cir. 2001). His argument is without merit.

Gonzalez argues that Amendment 591 is retroactively applicable to his case. He asserts that his sentence was improperly calculated under U.S.S.G. § 2D1.1 rather than § 2D1.5. However, Gonzalez's sentence was calculated by using § 2D1.5 to determine the base offense level, which referenced the drug quantity table of § 2D1.1. See Gonzalez-Balderas, 105 F.3d at 983. Additionally, Amendment 591 is irrelevant to the determination of base offense levels within the applicable offense guidelines section or to any consideration of relevant conduct. U.S.S.G. App. C, Amendment 591 (Nov. 2000).

The judgment of the district court is AFFIRMED.