# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10016
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERNON ANTHONY MILLER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-343-1

Before DAVIS, JONES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vernon Anthony Miller, federal prisoner # 25647-077, was convicted by a jury of conspiracy to commit numerous bank robberies and other crimes (Count 1), aiding and abetting bank robbery (Counts 2, 4, and 6), aiding and abetting the using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 3 and 7), and aiding and abetting the interstate transport of a stolen vehicle (Count 8). In the calculation of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range, no firearms enhancements were applied to the bank robberies charged in Counts 2 and 6 because they were the offenses underlying the § 924(c) convictions in Counts 3 and 7.  *See* U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 1994).  Firearms enhancements of five levels each were applied to four other bank robberies listed as objects of the conspiracy in Count 1.  *See* U.S.S.G. § 2B3.1(b)(2)(C) (Nov. 1994).  The district court sentenced Miller to a total term of imprisonment of 468 months.

In March 2011, Miller moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 599 to the Sentencing Guidelines, which amended the commentary to § 2K2.4, effective November 1, 2000, and based on the 18 U.S.C. § 3553(a) sentencing factors, including his postconviction rehabilitation.  The district court denied the motion and denied Miller's motion for leave to proceed in forma pauperis (IFP) on appeal, certifying that an appeal was not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Miller now appeals the denial of his § 3582(c)(2) motion and moves to proceed IFP on appeal.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Miller's motion to amend his notice of appeal is construed as a motion to supplement his IFP motion with the documents required by Rule 24(a)(5) and is GRANTED.

By moving to proceed IFP on appeal, Miller challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh*, 117 F.3d at 202.  This court's inquiry into Miller's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

No. 15-10016

After considering the factors set forth in 18 U.S.C. § 3553(a), the district court may reduce a term of imprisonment that was based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines. § 3582(c)(2). Miller contends that Amendment 599 prohibited not only a firearms enhancement for the offenses underlying his § 924(c) convictions, but also firearms enhancements for any relevant conduct for any offense for which he was held responsible under U.S.S.G. § 1B1.3. His argument is not supported by the language of former note 2, as amended, or by any relevant circuit precedent. *See* § 2K2.4, comment. (n.2) (Nov. 1, 2000); *United States v. Dixon*, 273 F.3d 636, 643 (5th Cir. 2001).

Miller has not shown that his appeal presents a nonfrivolous issue. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.