**Wesley Joe TARPLEY,**
**Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 81–1596.**

United States Court of Appeals,
Fifth Circuit.

April 18, 1983.

Rehearing and Rehearing En Banc
Denied July 6, 1983.

Molly Cagle (Court-appointed), Vinson & Elkins, Mary Cecilia Kelly, Barbara Radnofsky, Houston, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, RUBIN and TATE, Circuit Judges.

1. In relevant part, Tex.Penal Code Ann. § 32.31 (Vernon 1974) provides:
>  (b) A person commits an offense if:
>  (1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

ALVIN B. RUBIN, Circuit Judge:

The jury instructions in Wesley Joe Tarpley's state criminal trial permitted the jury to convict him of a crime with which he was not charged. Because we conclude that the instructions thereby abridged Tarpley's sixth and fourteenth amendment right to notice of the charges against him, we reverse the district court's denial of his petition for a writ of habeas corpus.

In December 1975, someone burglarized the Imported Auto Center of Fort Worth, Texas. The burglars took the company checkbook and credit cards belonging to company employees. J.M. Gassiot's credit card was among those stolen.

On January 27, 1976, Tarpley and John Wayne Hudson checked into an Abilene, Texas motel. Hudson registered under the name J.M. Gassiot and paid for the room with Gassiot's credit card. There is some evidence from which a tenuous inference might be drawn that Tarpley was with Hudson when he registered. The arresting officers found credit cards, checks, and other documents from the Auto Center in their room. Some of these items were in a locked box owned by Tarpley. The officers found the key to this box on Tarpley's person.

Tarpley was brought before a magistrate shortly after his arrest. Although he now claims he requested counsel at this time, there is no record evidence of such a request. On January 6, 1976, a Taylor County, Texas grand jury indicted Tarpley for credit card abuse under Texas Penal Code Ann. § 32.31(b)(1)(A) (Vernon 1974).[1] Two weeks later, counsel was appointed to represent Tarpley.

Although the indictment charged Tarpley only with credit card abuse under § 32.-

>  (A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder;
>  . . . .
>  (3) he receives property or service that he knows has been obtained in violation of this section.

31(b)(1)(A),[2] the trial judge's instructions contained elements of both this offense and of receiving property or services obtained by illegal credit card use, another offense under § 32.31(b)(3).[3] Tarpley did not object to the charge, and the jury returned a guilty verdict.

Tarpley's conviction was affirmed on direct appeal by the Texas Court of Criminal Appeals. *Tarpley v. State,* 565 S.W.2d 525 (Tex.Cr.App.1978). He brought five unsuccessful state habeas proceedings. In addition, this is Tarpley's second application for federal habeas relief. His first was denied for failure to exhaust state remedies. *Tarpley v. Estelle,* No. CA1–80–26 (N.D. Tex. Aug. 5, 1980).

### I.

■ Tarpley faces an extraordinarily heavy burden. Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief. *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of the state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe,* 431 U.S. 145,

154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203, 212 (1977) (footnote omitted).

■ "Before a federal court may grant relief under 28 U.S.C. § 2254 based on alleged error in a state trial court's unobjected to charge, the error must be so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn,* 653 F.2d 942, 951 (5th Cir. 1981), *cert. denied,* 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982); *Bryan v. Wainwright,* 588 F.2d 1108, 1110–11 (5th Cir. 1979).[4] " '[I]t must be established not only that the instruction [was] undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the fourteenth amendment, and that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *Washington v. Watkins,* 655 F.2d 1346, 1369 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982) (quoting *Cupp,* 414 U.S. at 146, 147, 94 S.Ct. at 400, 38 L.Ed.2d at 373); *accord Hance v. Zant,* 696 F.2d 940, 953 (11th Cir.1983).

In applying these principles to the instructions in Tarpley's case, we pay "careful attention to the words actually spoken to the jury, . . . for whether a defendant has

2. The indictment alleged that on or about January 27, 1976, Tarpley:

Knowingly and intentionally with intent to fraudulently obtain services, to wit; lodging, belonging to Emmett Martin present and use a BankAmericard credit card, belonging to J.M. Gassiot, hereinafter called cardholder, with knowledge that such credit card had not been issued to him, the said Wesley Tarpley and was not used with the effective consent of the card holder . . . .

3. The instructions provided in relevant part:

A person commits the offense of credit card abuse if he receives services that he knows has been obtained by a person who, with intent to obtain service fraudulently, used a credit card with knowledge that it had not been issued to said person . . . .

Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant, Wesley Tarpley, did, in Taylor County, Texas, on or about January 27, 1976, receive services, to wit: lodging with intent to obtain the services fraudulently, had used a credit

card . . . belonging to J.M. Gassiot, with knowledge that such credit card had not been issued to him, the said Wesley Tarpley, and was not used with the effective consent of the said J.M. Gassiot, you will find the Defendant guilty.

4. Although Tarpley failed to object to the jury charge, the Texas court addressed on the merits his subsequent challenge to the charge. *See Tarpley v. Estelle,* No. 5149–B (Tex.Dist.Ct. Taylor Cty. Oct. 16, 1979). Therefore, Tarpley's failure to object to the charge does not prevent us from addressing his claim. "We are not barred from reviewing a claim by a state court procedural rule when the state courts themselves have not followed the rule." *Bell v. Watkins,* 692 F.2d 999, 1003 (5th Cir.1982), *modified on rehearing,* No. 81–4358, slip op. at 2704 (5th Cir. Feb. 28, 1983); *Burns v. Estelle,* 592 F.2d 1297, 1302 (5th Cir.1979), *aff'd en banc,* 626 F.2d 396 (5th Cir.1980); *Moran v. Estelle,* 607 F.2d 1140 (5th Cir.1979).

been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39, 44 (1979); *Washington v. Watkins,* 655 F.2d at 1369. And we are mindful that "a single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the entire charge." *Cupp,* 414 U.S. at 146–147; 94 S.Ct. at 400, 38 L.Ed.2d at 373; *accord Washington v. Watkins,* 655 F.2d at 1369; *Davis v. McAllister,* 631 F.2d 1256, 1260 (5th Cir.1980), *cert. denied,* 452 U.S. 907, 101 S.Ct. 3035, 69 L.Ed.2d 409 (1981).

■ Our review of the entire charge given in Tarpley's case convinces us that a reasonable juror could have understood the charge to allow conviction of an offense other than the one for which Tarpley was indicted. The indictment charged him only with violating § 32.31(b)(1)(A). The elements of that offense are: "(1) a person; (2) with intent to fraudulently obtain; (3) property or service; (4) presents or uses; (5) credit card; (6) with knowledge that it is not used with effective consent of cardholder." *Ex parte Williams,* 622 S.W.2d 876, 877 (Tex.Cr.App.1981) (en banc); *accord Harris v. State,* 629 S.W.2d 805, 806 (Tex.App.1982); *Ex parte Dawson,* 578 S.W.2d 749, 750 (Tex.Cr.App.1979); *Ex parte Walters,* 566 S.W.2d 622, 624 (Tex.Cr.App.1978).

The first paragraph of the court's instruction quoted in footnote 3, *supra,* however, informed the jurors that they could convict Tarpley for "receiv[ing] services that he [knew had] been obtained by a person who, with intent to obtain service fraudulently, used a credit card with knowledge that it had not been issued to said person..." This part of the judge's charge tracked the language of § 32.31(b)(3). A reasonable juror could have concluded from this in-

struction that Tarpley was subject to conviction for violating § 32.31(b)(3), although he was never indicted or otherwise charged under that provision.

Although the state admits that the portion of the instruction quoted above misstated the crime charged against Tarpley, it argues that the jury did not convict Tarpley by reason of that misstatement. Instead, the state argues, the jury followed the second paragraph of the jury charge quoted in footnote 3, *supra.* This part of the judge's charge closely adhered to the words of § 32.31(b)(1)(A). The jury might have followed this portion of the charge and properly convicted Tarpley for complicity in Hudson's violation of § 32.31(b)(1)(A).

We cannot confidently conclude, however, that the jury followed this part of the charge as opposed to the erroneous portion. "[A]t best, the State's argument suggests that there is more than one reasonable interpretation of the crucial language in the charge." *Washington v. Watkins,* 655 F.2d at 1369. This is an insufficient response to Tarpley's claim for "whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror *could* have interpreted the instruction." *Sandstrom,* 442 U.S. at 514, 99 S.Ct. at 2454, 61 L.Ed.2d at 44 (emphasis added); *Washington v. Watkins,* 655 F.2d at 1369. The jury could have followed the erroneous portion of the judge's charge. If they did so, Tarpley was convicted for violating § 32.31(b)(3), a crime he was never charged with committing.

"No principle of procedural due process is more clearly established than that notice of the *specific charge,* and a chance to be heard in a trial of the issues raised by that charge ... are among the constitutional rights of every accused." *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644, 647 (1948) (emphasis added).[5] As guarantors of this constitutional right, the fed-

---

**5.** The sixth amendment provides that "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ..." This guarantee is applicable to the states through the due process clause of the fourteenth amendment. *In re*

*Oliver,* 333 U.S. 257, 273–74, 68 S.Ct. 499, 507–08, 92 L.Ed. 682, 694 (1948); *Spinkellink v. Wainwright,* 578 F.2d 582, 609 n. 32 (5th Cir. 1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

eral courts have not hesitated to grant habeas relief to a state criminal defendant convicted of an offense other than that for which he was charged. Thus, in *Gray v. Raines,* 662 F.2d 569 (9th Cir.1981), the Ninth Circuit considered a case in which the defendant was indicted for first degree rape. The state, however, obtained an instruction on statutory rape. The court granted relief, noting, "A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense ...." *Id.* at 572 (quoting *In re Hess,* 45 Cal.2d 171, 173, 288 P.2d 5, 7 (1955) (Traynor, J.)). *Accord Watson v. Jago,* 558 F.2d 330 (6th Cir.1977) (indictment charged first-degree murder, prosecution proceeded on felony murder theory); *Goodloe v. Parratt,* 605 F.2d 1041 (8th Cir.1979) (indictment charged operating a motor vehicle to avoid arrest for driving with a suspended license, instruction charged flight to avoid prosecution for willful and reckless driving); *Blake v. Morford,* 563 F.2d 248, 250 (6th Cir.1977) (dictum; "Appellant raises a constitutional issue by alleging that he was convicted on a charge not stated in the indictment.").[6]

Because the jurors might reasonably have concluded from their instructions that Tarpley was subject to conviction for violating either § 32.31(b)(1)(A) or § 32.31(b)(3), when he was charged with only the former offense, we conclude that the charge, read as a whole, "so infected the entire trial that the resulting conviction violate[d] due process." *Washington v. Watkins,* 655 F.2d at 1369.[7] The district court should have granted Tarpley's petition for a writ of habeas corpus on this basis.

## II.

Tarpley also contends that the evidence was insufficient to sustain his conviction for violating § 32.31(b)(1)(A). This claim is without merit. The Texas Court of Criminal Appeals concluded that there was sufficient evidence to convict Tarpley for complicity in Hudson's violation of the statute. *Tarpley v. State,* 565 S.W.2d at 529. Our review is limited to determining whether, "viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof beyond a reasonable doubt." *Williams v. Maggio,* 695 F.2d 119, 121 (5th Cir.1983); *Acosta v. Turner,* 666 F.2d 949, 957 (5th Cir.1982). *See also Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Texas law, one is guilty as a party if he: "(1) is physically present at the commission of the offense; and (2) encourages the commission of the offense either by words or other agreement." *Tarpley v. State,* 565 S.W.2d at 529. There was evidence that Tarpley was present when Hudson presented the stolen credit card at the motel. The fact that stolen credit cards and papers were found in his locked box suggests that he had agreed with Hudson to use the credit cards fraudulently. There was sufficient

---

6. Because the state has never suggested that Tarpley actually knew the state might attempt to proceed against him under § 32.31(b)(3), we need not decide whether the failure to charge that offense in the indictment constituted a per se sixth amendment violation, or whether relief would be required only if Tarpley in fact was unaware that the prosecution might proceed on that theory. *Compare Gray v. Raines,* 662 F.2d at 572 *with id.* at 574 (Tang, J., concurring).

7. We note that in federal courts, the fifth amendment's guarantee of a grand jury indictment prohibits the sort of constructive amendment of the indictment that was worked by Tarpley's jury instructions. *See Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *Ex parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); *United States v. Irwin,* 661 F.2d 1063, 1069 (5th Cir.1981), *cert. denied,* 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982). That constitutional protection, however, has never been incorporated into the fourteenth amendment's due process clause; it is inapplicable to state proceedings. *See Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). Nevertheless, at least one court has relied on *Stirone* and *Bain* in determining whether a similar "constructive amendment" in a state prosecution abridged the defendant's sixth amendment right to notice. *See Watson v. Jago,* 558 F.2d at 339.

evidence to allow a jury to find guilt beyond a reasonable doubt.[8]

### III.

■ Tarpley's complaint that counsel was not appointed to represent him prior to his indictment is equally meritless. "[A] person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time adversary judicial proceedings have been initiated against him." *Kirby v. Illinois,* 406 U.S. 682, 689, 690, 92 S.Ct. 1877, 1881–83, 32 L.Ed.2d 411, 417, 418 (1972); *accord Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Lomax v. Alabama,* 629 F.2d 413, 415 (5th Cir.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1712, 68 L.Ed.2d 205 (1982); *McGee v. Estelle,* 625 F.2d 1206 (5th Cir.1980), *cert. denied,* 449 U.S. 1089, 101 S.Ct. 883, 66 L.Ed.2d 817 (1981). Thus, it is only when "the government has committed itself to prosecute" that the defendant is entitled to counsel. *Kirby,* 406 U.S. at 689, 92 S.Ct. at 1882, 32 L.Ed.2d at 417; *Moore,* 434 U.S. at 228, 98 S.Ct. at 465, 54 L.Ed.2d at 433.

■ Nothing in the record indicates that adversary judicial proceedings had been commenced against Tarpley prior to the return of the indictment against him. It is settled that neither his arrest nor his appearance before the magistrate triggered the right to counsel. *See McGee,* 625 F.2d at 1208, 1209. Tarpley simply was not entitled to counsel at the time of the claimed deprivation.

■ Even if Tarpley could show that he was entitled to counsel prior to his indictment, he has shown no prejudice arising from his failure to receive appointed counsel at that time. His only complaint is that he did not receive the examining trial provided for by Texas Code Crim.Proc.Ann. art. 16.01 (Vernon 1977). Yet he does not explain how counsel would have obtained an examining trial for him. Under Texas law, a defendant loses his right to an examining trial when he is indicted, for "the return of a true bill by the grand jury satisfies the principal purpose and justification for such a preliminary hearing—that there is probable cause to believe the accused committed the crime charged." *Brown v. State,* 475 S.W.2d 938, 946 (Tex. Cr.App.1971); *accord Tarpley v. State,* 565 S.W.2d at 532; *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976); *McDonald v. State,* 513 S.W.2d 44, 46 (Tex.Cr.App.1974). Therefore, even if counsel had been appointed, Tarpley would have lost his right to an examining trial once the indictment was returned. Moreover, the indictment provided him with the guarantee of probable cause to prosecute that an examining trial is designed to provide. We, therefore, conclude that Tarpley, even if entitled to counsel, was not prejudiced by the state's failure to provide it.

### IV.

■ Because of the disposition we reach with respect to the jury instructions, we need not reach Tarpley's alternative claim that the prosecutor made improper remarks in closing argument. We conclude that the district court should have granted Tarpley's writ. Because we find that there was sufficient evidence to sustain Tarpley's conviction, however, the state is not precluded from retrying him if it chooses to do so.

For these reasons, the judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

**8.** Tarpley notes that the trial judge instructed the jury that, to convict, they had to "exclude, to a moral certainty, every other reasonable hypotheses except the Defendant's guilt." He argues that due process requires the state to follow its rules establishing a burden of proof stricter than required by *Jackson v. Virginia. See Holloway v. McElroy,* 632 F.2d 605, 640 n. 55 (5th Cir.1980), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 393 (1981). We need not decide whether due process requires such a strict burden of proof. Even if it were required in this case, we would find that the evidence, as summarized in the text, was sufficient.