IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-10672

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDLE CURTIS DANIELS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

May 21, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Randle Daniels appeals his conviction for bank theft and money laundering. Daniels's main argument is that he believed in good faith that he was entitled to the money he took from Colonial Savings Bank; that as a matter of law he lacked the required *mens rea*. We disagree, and affirm.

I

Colonial Savings held the mortgage on Daniels's home. A hail storm damaged its roof. His insurance company sent him a check for $46,000 to cover the cost of repairs.

Aware of the mortgage, the insurance company made the check payable to Randle Daniels and Colonial Savings jointly. Daniels took the check to Colonial Savings and asked them to endorse it to him. The bank refused, preferring to hold the money in a trust account, disbursing it as actual repairs were made. Daniels and the bank resolved their differences, agreeing that the bank would pay Daniels $16,000 immediately, and place the remaining $30,000 into a trust account, to be disbursed as Daniels presented receipts for repairs.

While the $16,000 check was being prepared, Daniels stole a blank, signed bank check from the desk of a bank employee. He made that check out for $29,800, and directed his girlfriend, Marsha Veach, to deposit it in her account. She did so and later wrote him a check for $29,500.

The check was traced to Daniels, and he was charged with bank theft and money laundering. His defense at trial was that a bank representative gave him the blank check. A jury convicted him of both charges and he now appeals.

## II

Daniels argues that, as a matter of law, he lacked specific intent to steal as required by 18 U.S.C. § 2113. Since Daniels believed the proceeds from the insurance check to be his, his argument goes, he cannot have had the required scienter.

The relevant portion of section 2113 provides that a defendant who "takes and carries away, with intent to steal or purloin, any

2

property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank"  shall be punished.[1]  In *Carter v. United States*,[2] albeit in dictum, the Supreme Court stated that 18 U.S.C. § 2113(b) required a specific intent to steal or purloin because without such an intent requirement, the "statute would run the risk of punishing seemingly innocent conduct in the case of a defendant who peaceably takes money believing it to be his."[3]

Daniels's argument is essentially an insufficiency of the evidence contention.  As such, it is unpersuasive.  A rational jury could have concluded that Daniels did not believe he was entitled to take the money.  The check was payable to both Daniels and Colonial Savings.  With Daniels's debt to Colonial Savings secured by his home, Daniels had to be aware of the bank's interest in the insurance proceeds.  At least a rational juror could have so found. Daniels acknowledged as much in his agreement with the bank.  His awareness of the bank's interest and his intent to unlawfully defeat it is further evidenced by his covert conduct – waiting until the bank representative had left his presence before taking the bank check from a desk drawer.

III

---

[1] 18 U.S.C. § 2113(b) (West 2000).

[2] 530 U.S. 255 (2000).

[3] *Id.* at 269.

3

Daniels contends that the jury charge on money laundering constructively amended the indictment. The indictment charged Daniels with causing the withdrawal of $29,500 from Veach's bank account. The trial judge instructed the jury that it must find that Daniels "knowingly engaged or attempted to engage in a monetary transaction in criminally derived property that is of value greater than $10,000." At trial, there was evidence that Daniels ordered both the deposit of the check and also the withdrawal of the money. Veach initially testified as a government witness that Daniels directed her to make the deposit and withdrawal. On cross examination, she stated that it was her idea to make the withdrawal. The argument is that the jury instruction permitted the jury to convict Daniels for causing the *deposit* of the illicit funds under an indictment charging only their *withdrawal*.

A criminal defendant has a Fifth Amendment right to be "tried only on charges presented in a grand jury indictment,"[4] and therefore only the grand jury may amend an indictment once it has been issued.[5] A jury charge constructively amends an indictment, in violation of the Fifth Amendment, if it permits the jury "to convict the defendant upon a factual basis that effectively

_____

[4] *United States v. Chandler*, 858 F.2d 254, 256 (5th Cir. 1988).

[5] *See id.*

4

modifies an essential element of the crime charged."[6]  That is, constructive amendment occurs if the jury is permitted to convict on "an alternative basis permitted by the statute but not charged in the indictment."[7]

Daniels did not object at trial to the jury instructions.  We therefore review only for plain error.[8]  A jury charge is plain error if: (1) it was erroneous; (2) the error was plain; and (3) the plain error affected the substantial rights of the defendant.[9]  If those conditions are met, we have discretion to correct the error; discretion we will exercise if the error "seriously

---

[6] *Id.* at 257.

[7] *United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998).

[8] *See* Fed. R. Crim. P. 52(b).  It is now clear that this circuit applies plain error review to forfeited constructive amendment arguments.  Although *United States v. Mize*, 756 F.2d 353, 355-57 (5th Cir. 1985), held that constructive amendment required automatic reversal, later cases in this circuit have clarified the interaction between the automatic reversal rule and plain error review.  In *United States v. Reyes*, 102 F.3d 1361, 1364-66 (5th Cir. 1996), we held that under *United States v. Olano*, 507 U.S. 725 (1993), we have discretion to correct a constructive amendment if the defendant failed to object at trial.  Further, in *United States v. Fletcher*, 121 F.3d 187, 192-93 (5th Cir. 1997), we expressly recognized the tension between plain error review and the "automatic reversal" rule of *Mize*, and reconciled it in favor of plain error review, following the Supreme Court's guidance in *Olano*.

[9] *See Olano*, 507 U.S. at 731-34; *Fletcher*, 121 F.3d at 192.

affect[s] the fairness, integrity or public reputation of judicial proceedings."[10]

Assuming without deciding that the first three requirements are met, in this case we decline to exercise our discretion to correct any error. The unindicted act of causing the deposit of illicit funds could have properly been charged in the indictment and is prohibited by statute.[11] The two acts – deposit and withdrawal – are so closely linked here that we are convinced that the "fairness, integrity or public reputation of judicial proceedings" is not implicated. There is no evidence of bad faith on the part of the prosecutor. It was obvious that evidence of the deposit and other transactions would be relevant to prove that Daniels controlled the funds and to impeach any testimony that the withdrawal was Veach's own idea. The jury may have credited her testimony and convicted Daniels for the unindicted act of depositing illicit funds; but it is equally possible that the jury disbelieved her testimony and properly convicted Daniels for the indicted act of withdrawing illicit funds. After all, under Daniels's claim of entitlement, a withdrawal at his direction would have been inevitable – unless he intended to make the funds a gift

---

[10] *See Olano*, 507 U.S. at 736; *Fletcher*, 121 F.3d at 192.

[11] *See Reyes*, 102 F.3d at 1365 (declining to exercise discretion to correct a constructive amendment, under plain error review, in part because the offense upon which the jury was charged could have been charged in the indictment).

to Veach. This claimed constructive amendment did not render the proceedings fundamentally unfair.

IV

The remainder of Daniels's arguments are equally meritless. Daniels argues that the evidence was insufficient to support his conviction because "Colonial Savings Mortgage," the entity from which he claims to have taken the check, is not a bank. When reviewing challenges to the sufficiency of evidence, we view the evidence and all inferences that can be drawn therefrom in the light most favorable to the verdict.[12] At trial, Judy Monroe testified that she worked for Colonial Savings Bank, that it was a banking institution insured by the FDIC, and that the stolen check bore her signature. While her testimony, and the testimony of others, sometimes distinguished between Capital Savings Mortgage and Capital Savings Bank, nothing in the record establishes that Capital Savings Mortgage was a legal entity distinct from Capital Savings Bank. While identifying the source of the check, she stated that she worked for Colonial Savings Bank and confirmed its FDIC insurance. She differentiated between the mortgage company and the bank only in explaining specific procedures. The government offered sufficient evidence to support the jury's finding that Daniels took the check from an insured bank.

---

[12] *See United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999).

Daniels also argues that when computing the value of the check he stole, we should deduct the $30,000 he was entitled to receive. Daniels accepts the premise that the check can be valued by the amount he filled in. Since the check was made out for less than $30,000, however, Daniels argues that he stole nothing worth $1,000 or more. As we have explained, Colonial Savings held the mortgage on the insured property, and by its terms had an interest in the insurance proceeds. Daniels acknowledged that interest in his agreement with the bank, an agreement reached before he took the check and deposited it.

Daniels complains of the trial court's answer to a question by the jury. The jury asked for clarification of the phrase "intent to steal." The judge responded that it "means with a purpose to steal and that the taking or carrying away was not by accident [or] mistake." While Daniels objected to the supplemental instruction, he did not do so on the grounds urged here,[13] thus our review is for plain error.[14] Daniels essentially repeats his scienter argument,

---

[13] Daniels objected to any supplemental instruction, on the grounds that the jury's note did not make clear what they were confused about. Daniels also objected to the wording of the trial judge's proposed instruction, but it was modified to address the objection, a modification he accepted.

[14] *See United States v. Cabral-Castillo*, 35 F.3d 182, 188–89 (5th Cir. 1994) (holding that where defendant objected to a sentencing adjustment, but on grounds different from those raised on appeal, the new arguments raised on appeal would be reviewed for plain error only).

and it is no more compelling here.  We reject it for the reasons stated previously.

The judgment of conviction is AFFIRMED.