**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 30, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51354

_____

ELOY M. GARCIA,

Petitioner-Appellant,

versus

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

(02:cv:2)


Before BENAVIDES, STEWART, and DENNIS, Circuit Judges.


DENNIS, Circuit Judge:[*]

Petitioner Elroy M. Garcia was convicted of murder after a jury trial in Texas state court and sentenced to 20 years' imprisonment. He brings the present § 2254 habeas corpus petition, alleging both that his court-appointed trial counsel provided constitutionally insufficient representation and that erroneous jury instructions allowed the jury to convict him of murder based on a finding of mere reckless or negligent behavior. Because Garcia does not demonstrate that these alleged errors prejudiced

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

him to the extent necessary to afford him habeas relief, we AFFIRM the district court's denial of his § 2254 petition.

**I.**

On August 23, 1997, the victim, Nelson Elemen, Jr., drove with his father and a friend to a house where Garcia and his brother, Martin Garcia, were located. Elemen, Jr. exited his vehicle and began to argue with Martin Garcia. Eventually a fight erupted, in which Martin Garcia was knocked to the ground, apparently unconscious. With Martin Garcia lying on the ground, Elemen, Jr. began to walk back to his vehicle when Elroy Garcia, who had been standing behind a bush, shot Elemen, Jr. four times – once in the shoulder, twice in the stomach, and once in the back. When Elemen, Sr. exited the vehicle to assist his son, Elroy Garcia shot Elemen, Sr. in the leg and face. Elemen Jr. died at the scene.

At trial, Garcia did not argue that he did not intend to shoot Elemen, Jr. but instead argued that the killing was justified because it was in defense of himself and his brother. Despite these arguments, the jury convicted him of murder and sentenced him to twenty years in prison; the conviction and sentence were affirmed on appeal. Garcia later applied for state habeas relief, presenting the same claims raised in this petition; state habeas relief was denied.

Garcia then filed the present § 2254 habeas petition in federal district court on December 14, 2001, arguing that (1) his

indictment was "constructively amended" by his jury charge and that his trial counsel provided ineffective assistance by not objecting to this "constructive amendment"; (2) his trial counsel provided ineffective assistance by not objecting to the improper definitions of "intentionally" in his jury charge; and (3) that the jury instructions as a whole improperly allowed the jury to convict him of murder based on a finding of mere reckless or negligent conduct. The magistrate who considered the petition recommended that the district court deny relief on all grounds. The district court adopted the recommendation and denied relief. Garcia timely appealed.

## II.

Garcia raised the claims before us today in his state habeas petition, and the state court denied these claims on their merits. Therefore, we cannot grant Garcia habeas relief unless the state court "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1] "The 'unreasonable application' [standard] requires the state court decision to be more than incorrect or

---

[1]28 U.S.C. § 2254(d)(1).

erroneous.  The state court's application of clearly established law must be objectively unreasonable."[2]

## A.

Garcia first contends that his jury charge "constructively amended" his indictment.  When a jury charge presents a jury with a theory of a crime that was not charged in the indictment, it has "constructively amended" the indictment in violation of the Sixth Amendment, which provides that the accused in a criminal prosecution has the right "to be informed of the nature and cause of the accusation" against him.[3]  Garcia claims that the trial court in this case violated his constitutional rights by presenting the jury with a charge that allowed it to convict him of murder based on a finding that he intended to cause serious bodily injury and committed an act clearly dangerous to human life that causes the death of an individual ("Seriously Bodily Injury Murder"), while his indictment only charged him with intentionally or knowingly causing the death of an individual ("Intentional Murder").  He also claims that he received ineffective assistance from his trial counsel who did not object to the jury charge.

---

[2]*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citations omitted).

[3]*See Ricaldy v. Procunier*, 736 F.2d 203, 207 & n.4 (5th Cir. 1983) (holding that it is a Sixth Amendment violation "when a criminal defendant is convicted of a crime he was never charged with committing").

4

The indictment in this case charged Garcia only with murder under Tex. Penal Code § 19.02(b)(1)-Intentional Murder. The abstract section of the jury charge, however, defined murder both as Intentional Murder *and* under Tex. Penal Code § 19.02(b)(2)-Serious Bodily Injury Murder. Notably, the State presented no evidence or arguments indicating that Garcia committed Serious Bodily Injury Murder but not Intentional Murder. In addition, the application section of the jury charge instructed the jury only to apply the definition of Intentional Murder as charged in the indictment. Garcia's counsel did not object to the jury charge at trial.

"[Garcia] faces an extraordinarily heavy burden [because] [i]mproper jury instructions in state criminal trials do not generally form the basis for federal habeas relief."[4] In fact, "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of the state court's judgment is even greater than the showing required to establish plain error on direct appeal."[5] Garcia must demonstrate that the jury instruction is "so egregious as to rise to the level of a constitutional

---

[4]*Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) (internal citations omitted).

[5]*Id.* (internal citations and quotations omitted).

5

violation or so prejudicial as to render the trial itself fundamentally unfair."[6]

In the particular context of an alleged constructive amendment, courts "must determine whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offense charged," or if it is "merely another of the flaws that mar [the trial's] perfection but do not prejudice the defendant."[7] In making this determination, the court should examine not just the jury charge, but the facts permitted in evidence and the arguments of the parties.[8]

We hold that the jury charge in this case, combined with the evidence and arguments presented by the parties, did not permit the jury to convict Garcia of a crime with which he was not charged. The jury heard evidence that Garcia shot the victim four times–once in the shoulder, twice in the stomach, and once in the back–after the victim pushed down Garcia's brother and knocked him unconscious. Garcia based his trial defense on the theory of self-defense. Garcia did not present evidence that he did not intend to shoot the victim or that he intended to shoot him but only to cause significant bodily injury. Instead, Garcia argued

---

[6]*Id.* (internal citations and quotations omitted).

[7]*Restivo*, 8 F.3d at 279.

[8]*See id.*

6

that he shot the victim in defense of himself and his brother – a theory that the jury rejected by returning a guilty verdict.

Even assuming that the definition of Serious Bodily Injury Murder in the abstract section of the jury charge was improper, based on the evidence presented at trial and the way in which Garcia argued his case, Garcia has not demonstrated that the jury instruction permitted the jury to convict him on a factual basis not charged in the indictment. Accordingly, Garcia has not demonstrated that the jury instruction was "so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair."[9]

Garcia also claims that he received ineffective assistance from his trial counsel who did not object to the jury instruction. According to the familiar standard articulated in *Strickland v. Washington*, to demonstrate constitutionally ineffective assistance of his appointed counsel Garcia must prove both "that counsel's performance was deficient" and "that the deficient performance prejudiced his defense."[10] To demonstrate deficient performance, Garcia must prove more than a simple mistake by his counsel; Garcia must overcome the presumption that counsel's actions did not fall "below an objective standard of reasonableness."[11] To demonstrate

---

[9]*Tarpley,* 703 F.2d at 159.

[10]466 U.S. 668, 687 (1984).

[11]*Id.* at 688.

7

prejudice, Garcia must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]

Assuming for the sake of argument both that the jury charge constructively amended Garcia's indictment and that Garcia's counsel provided ineffective assistance by not objecting to the amendment, we still reject Garcia's ineffective assistance claim because Garcia was not prejudiced by his counsel's failure to object to the jury instruction.

For Garcia's claim to succeed, we must find that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In other words, we must ask "whether, from all of the evidence, the jury could have had a reasonable doubt concerning [Garcia]'s intent to kill, and could have convicted him of intent to cause serious bodily injury."[13] As explained above, the evidence presented in this case, taken as a whole, indicates that there is not a reasonable probability that the jury convicted Garcia of Serious Bodily Injury Murder but did not believe that he committed Intentional Murder. Accordingly, counsel's failure to object to the inclusion of the allegedly erroneous jury instruction did not prejudice Garcia because there is not a reasonable probability

---

[12]*Id.* at 694.

[13]*Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

8

that, but for the error, the result of the proceeding would have been different.

### B.

Garcia next claims that his trial counsel was ineffective because he failed to object to the definitions contained in the jury charge. Specifically, he argues that the jury instruction stated that "intentionally" could refer, not just to the result of Garcia's conduct, but to the conduct itself. Garcia argues, therefore, that the jury could have relied on erroneous instructions and convicted Garcia based on a belief that Garcia intended to "pull the trigger" but did not intend to kill his victim.

A federal habeas court reviewing an improper jury instruction in a criminal trial must ask "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned."[14] Courts should "[l]ook[] at the charge as a whole and in the context of trial, including the arguments of counsel" in order to determine if "there is [any] reasonable likelihood that the jury applied the construction in a constitutionally impermissible way."[15] For the reasons discussed above in the context of the constructive

---

[14]*Kinnamon v. Scott*, 33 F.3d 462, 465 (5th Cir. 1994).

[15]*Id.* (internal citations and quotations omitted).

9

amendment, even assuming that the jury instructions in this case are improper, we hold that they do not rise to the level necessitating habeas relief.

In order for Garcia's claim to succeed, a reasonable jury would have had to believe that Garcia shot his victim four times, including once in the back, but did not intend to kill him. In addition, the jury must have believed this even though Garcia never argued that he did not intend to kill the victim, but instead argued that he killed the victim in self-defense. Looking at the evidence and arguments presented at trial, we hold that there is no "reasonable likelihood" that the jury applied its instructions in a constitutionally impermissible way. Accordingly, we deny Garcia's request for habeas relief on this point.

### C.

Finally, Garcia argues that the jury instructions as a whole allowed the jury to convict him on legally insufficient grounds. Specifically, he alleges that the jury charge's definitions of "knowingly" and "intentionally" were "so expanded and generic in nature" that they allowed the jury to convict him based on mere reckless or negligent behavior. He also alleges that he received ineffective assistance from his trial counsel when counsel failed

to object to these jury instructions.[16]  We do not agree.  The definitions of both "intentional" and "knowing" conduct were taken verbatim from Tex. Pen. Code § 6.03.  These definitions are commonly accepted and proper definitions of intentional and knowing conduct[17] that did not allow the jury to convict Garcia based on a finding of mere reckless or negligent conduct.[18]  Accordingly, we reject Garcia's final claim.[19]

---

[16] The state contends that we should not address this claim on its merits because Garcia did not raise it in district court in his § 2254 petition.  However, the State responded to this claim in its answer to Garcia's § 2254 petition, undercutting its argument that Garcia raises it for the first time here.  Accordingly, we address this claim on its merits.

[17] *Cf.* Model Penal Code § 2.02 (providing similar definitions of intentionally/purposefully and knowingly).

[18] The jury was instructed that:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

[19] Because the jury instructions did not impermissibly allow the jury to convict Garcia on a finding of recklessness or

11

## III.

Because Garcia's claims are ultimately without merit, we AFFIRM the district court's decision denying Garcia's petition. AFFIRMED.[20]

---

negligence, we hold that Garcia's trial counsel did not provide ineffective assistance by refusing to object to them.

[20]Because we deny Garcia's petition on its merits, we need not address the State's contention that the petition was not timely filed.