**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40985
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IRWIN JAY WEAVER,
also known as Irvin Jay Weaver,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-02-CR-932-1)
--------------------

Before WIENER, DeMOSS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

        Defendant-Appellant Irwin Jay Weaver appeals his conviction by a jury on two counts of transporting undocumented aliens within the United States for financial gain by means of a motor vehicle, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). Weaver contends that his indictment charged a crime narrower than the criminal conduct proscribed by the statute and that the evidence was insufficient to support his conviction as charged. He argues that although he was charged with transporting aliens who

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had illegally entered the United States, in furtherance of such violation of law, there was no evidence that he did anything to further the aliens' entry. We conclude that Weaver's indictment correctly charged him with a crime under 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) and that the evidence was sufficient to support the conviction. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002); United States v. Rivera, 879 F.2d 1247, 1251-52 (5th Cir. 1989).

In a variation on his sufficiency argument, Weaver also asserts that the district court's jury charge constructively amended the indictment and permitted a conviction based on transportation of aliens in furtherance of the aliens' unlawful presence in this country when the indictment charged only that the aliens had entered and that the transportation was in furtherance of such violation of law. Weaver did not object to the district court's jury instructions, so we review them for plain error. See United States v. Daniels, 252 F.3d 411, 414 & n.8 (5th Cir. 2001). We conclude that the district court's jury charge was consistent with our precedent and did not constructively amend the indictment. See id. at 414; Rivera, 879 F.2d at 1252. There was no reversible error, plain or otherwise.

AFFIRMED.