United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

-----

No. 04-10284
Summary Calendar

-----

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

MARGARITO CHAVEZ-QUIROZ,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-144-ALL-M
-----------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

A jury convicted Margarito Chavez-Quiroz of having illegally entered the United States following deportation. Chavez has timely appealed his conviction and sentence.

Chavez argues that there was insufficient evidence to support his conviction. His challenge is directed solely to the element of alienage. The dispositive issue at trial was whether Chavez'

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mother had always retained the United States citizenship she acquired at birth from her father or whether she lost that citizenship and later naturalized by taking an oath of allegiance. It was undisputed at trial that Chavez' mother was granted a certificate of citizenship that was effective retroactively to the date of her birth. Chavez' trial witness opined, however, that the certificate of citizenship was erroneously issued and that immigration officials should have determined that Chavez' mother had naturalized. The jury was free to reject the opinion of Chavez' witness. Based on the certificate of citizenship granted to Chavez' mother, the fact that she never lived in the United States until 1966, and the absence of any evidence that Chavez ever filed a naturalization application, a rational juror could have found beyond a reasonable doubt that Chavez is an alien. See Immigration and Nationality Act ("INA") § 301(g); United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997); United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993).

Chavez also challenges the district court's jury charge. He argues that the district court should have given his proffered instruction setting forth his interpretation of a Supreme Court case. The district court did not abuse its discretion in refusing to give the proffered instruction because Chavez was able to argue his interpretation of the case to the jury. See United States v. Tovias-Marroquin, 218 F.3d 455, 457. Chavez' challenge to the district court's instruction on the law contained at INA § 301(g) is made on a different basis here than it was in the district court. Thus, it is reviewed only for plain error. United States v. Daniels, 252 F.3d 411, 415 (5th Cir. 2001). There was no such error, however, because the explication of INA § 301(g) was necessary in light of the district court's charge as a whole. See United States v. Gray, 105 F.3d 956, 967 (5th Cir. 1997); United States v. Allred, 867 F.2d 856, 868 (5th Cir. 1989). Nor has Chavez shown that

the district court erred in responding to questions from the jury while deliberating.  See United States

v. Mann, 161 F.3d 840, 864 (5th Cir. 1998).

Chavez challenges the district court's denial of his request for an offense-level reduction for

acceptance of responsibility.  Given the deferential standard which applies and our review of the

record, we cannot that the district court erred in denying Chavez' request based upon its finding that

the issue of alienage in this case was a factual one.  U.S.S.G. § 3E1.1, comment. (n.2); United States

v. Maldonado, 42 F.3d 906, 913 (5th Cir. 1995).

Finally, Chavez argues that 8 U.S.C. § 1326(b)(2) is unconstitutional in light of Apprendi v.

New Jersey, 520 U.S. 466 (2000).  He concedes that his argument is foreclosed by Almendarez-

Torres v. United States, 523 U.S. 224, 235 (1998), but he raises the issue to preserve it for further

possible review.

AFFIRMED.