**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60709
Summary Calendar
_____

UNTIED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE ROY CREEL, also known as Shorty,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CR-80-GRo
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Dale Roy Creel was convicted of one count of conspiracy to manufacture more than 500 grams of methamphetamine, two counts of discharging a firearm in relation to a drug offense, and one count of brandishing a firearm in relation to a drug offense. The district court sentenced Creel to serve life in prison on the methamphetamine offense, ten years on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4 .

each discharge offense, and seven years on the brandishing offense. He was also sentenced to serve a five-year term of supervised release. Creel now appeals his convictions and sentences.

Creel argues that the district court abused its discretion in denying his request for new appointed counsel. Creel has not shown that his disagreements with counsel constituted good cause for him to receive a new attorney. *See Morris v. Slappy*, 461 U.S. 1, 13-14 (1983); *United States v. Young*, 482 F.2d 993, 995 5th Cir. 1973). Consequently, Creel likewise has not shown that the district court erred in denying his request for substitute appointed counsel.

Creel contends that the district court's instructions to the jury constructively amended the indictment as to the firearms charges. He concomitantly argues that his convictions on these charges should be overturned. Creel has not shown that these convictions were based on grounds that were permissible under the statute but not charged in the indictment. *See United States v. Daniels*, 252 F.3d 411, 413 (5th Cir. 2001). He thus has not shown that his indictment was constructively amended by the jury instructions. Because Creel has shown no error in connection with his convictions, those convictions are AFFIRMED.

Creel argues that his sentence must be vacated in light of *United States v. Booker*, 125 S. Ct. 738 (2005). When, as here, a *Booker* claim is preserved, we will ordinarily vacate and remand unless the Government can show beyond a reasonable doubt that the error was harmless. *See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005). The district court's imposition of a sentence based on facts exceeding those contained in the judgment of conviction was erroneous. *See id.* Further, the Government concedes that the error was not harmless, and there is nothing in the record to indicate that the district court would have imposed the same sentences under an advisory guidelines

scheme.  *See id.*  Accordingly, Creel's sentences are VACATED and this matter is REMANDED for resentencing.