# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-51047
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROSE MARY CHERRY, also known as Rose M Cherry

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-135-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

As a result of actions Defendant-Appellant Rose Mary Cherry took toward three of her grandchildren while on Fort Hood Military Reservation, she was indicted on one count of first degree murder and two counts of assault with a dangerous weapon. She was tried before a jury on all counts. At the end of the government's case in chief, Cherry moved for acquittal on the two counts of assault, basing her motion on her right to confront her accusers because the two surviving grandchildren, who were named as victims in Counts Two and Three,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not testify. The district court granted the motion and dismissed those counts. The jury found Cherry not guilty of first degree murder of the deceased grandchild but found her guilty of the lesser included offense of second degree murder. The district court sentenced Cherry to 168 months in prison.

Cherry contends that the district court erred in failing to instruct the jury to disregard all testimony related to the two dismissed counts of the indictment, but concedes that our standard of review of this claim is for plain error because she did not object to the jury charge. See United States v. Daniels, 252 F.3d 411, 414 & n.8 (5th Cir. 2001); United States v. Reyes, 102 F.3d 1361, 1365-66 (5th Cir. 1996). To show plain error, Cherry must show an error that is clear and obvious and that affects her substantial rights. If she does so, we may exercise discretion to correct the forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Daniels, 252 F.3d at 414.

Cherry concedes that the evidence related to the two counts of assault against the two grandchildren who survived was properly admitted. She contends on appeal, however, that the court's dismissal of those counts on confrontation issues retroactively rendered all of that evidence inadmissible as unduly prejudicial evidence of extraneous bad acts. Cherry argues that, without the evidence of her abuse of the two surviving grandchildren, the jury would not have found that she acted with malice aforethought in killing the third one.

It is not necessary to address the assertion of retroactive inadmissability to determine that Cherry cannot show any affect on her substantial rights. Cherry does not contend that the district court erred in instructing the jury that it could find malice aforethought in the one homicide if it found that Cherry acted with callous and wanton disregard for human life. Even if all evidence related to the other children were excluded, the incontrovertible physical evidence from the deceased child's body was overwhelming in its showing of a callous and wanton disregard for human life. The autopsy evidence showed that

the child was subjected to great pain and ultimately to death by internal bleeding as the result of being beaten with a great deal of force more than 100 times with an extension cord or belt . The emergency room physician testified that some of the wounds showed that the victim had attempted to defend herself from the beating. The physician described his first view of the wounds as appalling and noted that all of the medical personnel in the cardiac room gasped when the victim's clothes were removed in the attempt to resuscitate her. Cherry has not shown that any error in the jury instruction adversely affected the fairness or integrity of her trial. See Daniels, 252 F.3d at 414.

Cherry further asserts that her trial counsel was ineffective for failing to move for severance, move for a mistrial, and request a jury instruction to exclude the evidence related to the dismissed counts. We generally do not review claims of ineffective assistance of counsel for the first time on direct appeal. United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001). A 28 U.S.C. § 2255 motion is the preferred method for raising an ineffective assistance claim, and the district court has preserved Cherry's right to file such a motion. See Massaro v. United States, 538 U.S. 500, 504-05 (2003). Cherry's conviction is AFFIRMED.