# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50895
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUADALUPE GARCIA BREWSTER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-315-ALL

Before JONES, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guadalupe Garcia Brewster appeals his convictions for conspiring to rob a bank, aiding and abetting armed bank robbery, and aiding and abetting the use of a firearm during the robbery. He contends that the evidence was insufficient on all counts and that the indictment was constructively amended by the court's jury instruction on the firearm count.

Because Brewster properly moved for acquittal, we deem the evidence sufficient "if a rational trier of fact could have found that the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established the essential elements of the crime beyond a reasonable doubt." United States v. Davis, 226 F.3d 346, 354 (5th Cir. 2000). "Determining the weight and credibility of the evidence is within the exclusive province of the jury." United States v. Johnson, 381 F.3d 506, 508 (5th Cir. 2004).

The Government presented testimony from Jewell Miller Warren, Mark Arce, and other witnesses showing that Brewster conspired with Warren and Arce to rob a bank and that the bank was indeed robbed. Brewster sent Warren and Arce to the bank after giving Warren a gun and telling her to use it to scare bank employees during the robbery. Warren used the gun during the robbery. Brewster's claims would be valid only of we were to give no weight to the evidence and to find the witnesses incredible. We decline to do so. See Johnson, 381 F.3d at 508.

Brewster also contends that a jury instruction improperly broadened the indictment by allowing the jury to convict him of aiding and abetting either Warren's use of a firearm or her possession of the firearm, even though the indictment charged only use. See 18 U.S.C. § 924(c) (providing penalties for use or possession). Because Brewster did not object to the jury instruction, this claim is reviewed for plain error. See United States v. Daniels, 252 F.3d 411, 414 (5th Cir. 2001). If Brewster shows an error that is clear and obvious and that affects his substantial rights, then this court may exercise discretion to correct the forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. The proper inquiry on plain error review is not whether the jury could have applied an instruction in an unconstitutional manner, but whether there is a reasonable likelihood that it actually did so. United States v. Phipps, 319 F.3d 177, 190 (5th Cir. 2003).

Brewster's indictment alleged that Warren "used" the gun and that Brewster aided and abetted her actions. The court charged the jury that, in order to convict Brewster, the jury had to find "that the defendant knowingly used and carried a firearm during" the robbery. However, the court also

explained the meaning of "possession," including an explanation of constructive and joint possession. The court did not expressly instruct the jury that it could convict Brewster on a finding of possession, but Brewster argues that the explanation of possession allowed the jury to convict him of possession without requiring proof of use.

We assume for purposes of this discussion that the court's superfluous discussion of possession was a clear error that affected Brewster's substantial rights. We nonetheless decline to reverse the conviction because no error adversely affected the fairness or integrity of the proceedings. See Daniels, 252 F.3d at 414. Evidence of firearm use was uncontroverted and, by finding that armed bank robbery was committed, the jury found that a firearm was used. There is no plausible likelihood that the jury based its verdict on mere possession, and the fairness, integrity or public reputation of Brewster's trial therefore is not implicated. See id.; United States v. Reyes, 102 F.3d 1361, 1365-66 (5th Cir. 1996); see also Phipps, 319 F.3d at 190.

The judgment of the district court is AFFIRMED.