# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BENITO CANTU,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-328-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Benito Cantu appeals his conviction for one count of transporting an illegal alien within the United States by means of a motor vehicle in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(ii) and the sentence imposed. First, Cantu contends that the district court's jury instructions constructively amended the indictment because he was indicted for transporting an alien for the purpose of commercial advantage or private gain but was convicted of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transporting an alien, a crime with which he was not charged. Because Cantu did not object in the district court to the jury instruction that he now challenges, we review this issue for plain error. *United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001).

Cantu's first argument that the indictment was constructively amended is without merit. In particular, the district court correctly instructed the jury on the elements of transporting an alien and then informed the jury that if it found Cantu guilty of that offense, it must determine if he did so for commercial advantage or private gain. Cantu was charged with the greater offense of transporting an alien for financial gain and was convicted of the lesser included offense of transporting an alien. *United States v. Williams*, 449 F.3d 635, 646 (5th Cir. 2006); *see also* FED. R. CRIM. P. 31(c); *Tarpley v. Estelle*, 703 F.2d 157, 161 (5th Cir. 1983) ("A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information.") (internal quotation marks omitted). Thus, the jury instruction, taken as a whole, accurately stated the law and instructed jurors as to the principles of the law applicable to the factual issues confronting them. *See United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010). In addition, because Cantu was convicted of transporting an alien, which is a lesser included offense of transporting an alien for financial gain, he has not shown that he was "convicted of a separate crime from the one for which he was indicted." *United States v. Nuñez*, 180 F.3d 227, 231 (5th Cir. 1999). Thus, Cantu has not shown reversible plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Second, Cantu contends that the district court plainly erred by not reducing his offense level pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2L1.1(b)(1) because the jury found that he did not commit the offense for profit. Because Cantu did not object to the lack of a § 2L1.1(b)(1) reduction in

No. 13-40072

the district court, we review for plain error. *United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). Whether Cantu transported the alien for profit is a factual question that could have been resolved by the district court had he raised the proper objection. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Because Cantu failed to object to the presentence report on this basis, he has not demonstrated that the district court plainly erred by not reducing his offense level pursuant to § 2L1.1(b)(1). *Id.* Accordingly, the district court's judgment is AFFIRMED.