# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-60980
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANNETTE M. PIERCE, also known as Norma Lisa Thiem, also known as
Myrtis Annette Thiem,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-CR-6-2

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit
Judges.

PER CURIAM:[*]

Annette M. Pierce appeals her jury trial conviction for kidnapping and
carjacking for which she received a sentence of 110 months of imprisonment to
be followed by a three-year term of supervised release. Pierce argues that the
district court plainly erred in instructing the jury on the defense of duress

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-60980

because it did not rely on the definition of one of the elements of that defense contained in the Model Penal Code.  She contends that the instruction permitted the jury to reject her defense based on her negligence in placing herself in a position where she would have to commit the charged offenses. Pierce acknowledges that she did not object to the instruction in the district court and that review is for plain error.  *See United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001).

The district court's instruction tracks this circuit's Pattern Jury Instructions and is consistent with this court's precedent regarding the elements of the defense of duress.  *See United States v. Dixon*, 413 F.3d 520, 523 (5th Cir. 2005); *United States v. Posado-Rios*, 158 F.3d 832, 873 (5th Cir. 1998); *United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994).  The district court did not commit a clear or obvious error--if any--in giving the approved instruction, and thus, Pierce has not demonstrated plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Jimenez v. Wood County, Tex.*, 660 F3d 841, 847 (5th Cir. 2011).

Pierce argues that even if the instruction was correct, the district court plainly erred in failing to further define the terms of recklessness and negligence.  We need not reach that issue.  Pierce testified that, despite opportunities to escape or alert third parties about Shugart's criminal activities, she voluntarily chose to continue to participate in the criminal activity to expedite her return to South Carolina.  These admissions showed that Pierce had a reasonable legal alternative to violating the law that would have allowed her to escape the threatened harm, which supports the rejection of her duress defense.  *See United States v. Bailey*, 444 U.S. 394, 410 (1980). Accordingly, Pierce has not shown that the jury instruction affected her substantial rights or that our failure to correct any error would seriously affect

No. 12-60980

the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135. Thus, she has shown no reversible plain error.

Pierce alternatively argues that her counsel was ineffective in failing to raise the foregoing challenges to the jury instructions. We decline to reach these claims on direct appeal, without prejudice to Pierce's ability to raise them in a postconviction proceeding. *See United States v. Gulley*, 526 F.3d 809, 821-22 (5th Cir. 2008).

The judgment is AFFIRMED.