**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20199
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BEVERLY SCOTT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-686-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Beverly Scott appeals from a jury-trial conviction for conspiracy (count one), theft (count two), and health care fraud (count three).  Scott argues that the evidence was insufficient to support her conviction for health care fraud, that the trial court erred with respect to its jury instructions, that the trial court erred in assigning her a leadership role enhancement, and that she received ineffective assistance of counsel at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sufficiency of the evidence

Scott argues that the evidence was insufficient to support her conviction for health care fraud because under the section of the indictment entitled "execution of the scheme to defraud," the only detailed acts alleged occurred on July 10, 2000, and that there was no evidence presented at trial regarding the July 10, 2000, transaction between Scott and a co-conspirator, William Carrillo. Alternatively, Scott argues that on July 10, 2000, she was acting as a Government agent during the transaction with Carrillo and did not possess the requisite criminal intent.

In deciding the sufficiency of the evidence, this court determines whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. United States v. Charroux, 3 F.3d 827, 830-31 (5th Cir. 1993).

The court's jury instruction did not track the indictment with respect to count three. The "execution to defraud" sections were redacted from the indictment as read to the jury. Specifically, the court instructed the jury that "[b]eginning on an unknown date in 1995 and continuing on or until on or about July 10, 2000," Scott had devised a scheme to defraud a health care program by removing drugs from the Veterans Affairs Medical Center (VAMC) pharmacy for transfer and sale to a private pharmacy in exchange for cash. Testimony at trial revealed that

Scott had engaged in health care fraud at some time between 1995 and July 10, 2000.  See United States v. Hernandez, 962 F.2d 1152, 1157 (5th Cir. 1992); United States v. Grapp, 653 F.2d 189, 195 (5th Cir. 1981).  Accordingly, the evidence was sufficient to sustain Scott's conviction for health care fraud.

Jury instructions

Scott argues that the trial court constructively amended the indictment with respect to the health care fraud count by instructing the jury that a scheme to defraud included "a scheme to deprive another of the intangible right to honest services." Scott concedes that she did not object to the court's jury instruction.  Therefore, review is for plain error.  See United States v. Daniels, 252 F.3d 411, 414 & n.8 (5th Cir. 2001).

Scott is correct that count three (health care fraud) of the indictment did not include the definition of "scheme to defraud" defined as depriving another of the intangible right of honest services under 18 U.S.C. § 1346.  Nevertheless, Scott was on notice via the charge for health care fraud that her offense was in connection with the "delivery of health care benefits, items and services" in violation of 18 U.S.C. § 1347.  Accordingly, Scott cannot establish plain error with respect to this issue.

Scott also argues that the trial court erred in refusing her submission of a supplemental jury instruction on abandonment.

This Court reviews the district court's refusal to give a requested jury instruction for an abuse of discretion. <u>U.S. v. Sellers</u>, 926 F.2d 410, 414 (5th Cir. 1991).

The record reflects that Scott proceeded on the theory that she had removed drugs from the VAMC that were of no value because they were either expired or had been discarded. The jury rejected Scott's theory and found that the drugs were worth a value of $1000 and that she had committed theft. The jury thus determined that Scott possessed the requisite criminal intent for theft. Accordingly, no abuse of discretion occurred in the district court's rejection of Scott's abandonment instruction. See <u>Sellers</u>, 926 F.2d at 414.

### Leadership role enhancement

Scott argues that the trial court erred in assigning a four-level enhancement for her leadership role in the offense. Scott has also filed a supplemental letter with the court arguing that her leadership role enhancement as well as an 11-point adjustment for the value of the drugs and a two-point adjustment for more than minimal planning violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Scott correctly concedes that this argument is foreclosed by this court's holding in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), <u>petition for cert. filed</u>, (July 14, 2004), but seeks to preserve the issue.

A district court's finding that a defendant had an aggravating role is reviewed for clear error. See <u>United States</u>

v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." Id.

At sentencing, the Government reiterated that, although there was not sufficient evidence to prosecute the individuals, Scott had orchestrated the delivery of the drugs by the named participants. See U.S.S.G. § 3B1.1(a), comment. (n.1). Scott presented no specific evidence to rebut this argument at sentencing or the findings contained in the presentence report. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994); United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990). Accordingly, the trial court's leadership enhancement was not clearly erroneous. See Valencia, 44 F.3d at 272.

Ineffective assistance of trial counsel

Scott argues that trial counsel was ineffective for failing to request supplemental voir dire after a break in the trial that lasted more than six weeks. Scott's arguments are entirely speculative as is evident by her hypothetical scenarios given in her reply brief. Accordingly, because the record is not developed as to this issue, we decline to review the issue in this appeal. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Scott's conviction and sentence are AFFIRMED.