United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20199
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BEVERLY SCOTT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-686-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the sentence of Beverly Scott. United States v. Scott, 112 Fed. Appx. 965 (5th Cir. Oct. 19, 2004)(unpublished). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Scott v. United States, 125 S. Ct. 1712 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott argues that the district court's application of sentencing guidelines adjustments based upon leadership role, minimal planning, and amount of loss violated the Sixth Amendment. Because Scott failed to raise this objection in the district court, her argument is reviewed for plain error only. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). To meet plain error, Scott must show (1) error; (2) that is plain; and (3) that affects her substantial rights. Id. at 520.

In light of Booker, it is clear that the district court committed error that is plain. However, Scott fails to show that the error affected her substantial rights. She points to nothing in the record, and indeed upon independent review there is nothing in the record, indicating that the district court would have imposed a lower sentence under an advisory guidelines regime. See Mares, 402 F.3d at 522. Accordingly, Scott cannot meet her burden under the plain error standard.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Scott's conviction and sentence.